[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The defendant has filed a motion to increase support dated July 18, 2000 code #128.
Many of the facts that give rise to this motion are not in dispute. The parties have three children issue of the marriage, Daphne Couture, born September 16, 1981; Tabatha Couture, born March 13, 1986; and Cheri Couture, born May 1, 1987. The marriage between the parties was dissolved on May 6, 1997. The court approved of a separation agreement entered into between the parties and incorporated it into the judgment. The separation agreement provided in Article II as follows:
A. Alimony/support
 The plaintiff shall pay the defendant $525.00 per week as unallocated alimony/support for two (2) years from the date of dissolution. The total $525.00 per week shall be considered alimony and income to the defendant wife and is deductible to the plaintiff husband. Subsequent to said two (2) year period, the plaintiff shall pay child support in the amount of $400.00 per week or in accordance with the Child Support Guidelines and $125.00 per week as periodic alimony for an additional year and a half (1-1/2). Said orders shall be modifiable in the event of a substantial change of CT Page 11377 circumstances. Said alimony shall terminate upon the death of either party or the remarriage or cohabitation of the defendant wife.
Under the terms of the separation agreement, support would therefore be payable for the initial period of two years or until May 6, 1999 as an unallocated order. After the two year period, the plaintiff agreed to pay support in the amount of $400.00 per week or in accordance with the child support guidelines and $125.00 per week as periodic alimony for an additional year and a half. The additional year and a half would end on November 6, 2000 in so far as the payment of the alimony and support. The separation agreement also provided that the plaintiff father would take all three minor children as a tax dependency as an exemption during the time he is paying child support for the children or they meet their deductibility criteria with the IRS. This court reads the provisions of Article II of the separation agreement as an agreement by the plaintiff to continue paying support for all three children until November 6, 2000. Therefore, in calculating the child support guidelines for the purposes of the motion to modify, the court is calculating the guidelines based on support for three children and not two.
The court finds that under the child support guidelines, the total amount of support that is due for the three children is $482.00 per week and the plaintiff's share of that amount is 75.1% with the defendant's share being 24.9%. The presumptive correct support amount for the plaintiff to pay to the defendant is $362.00 per week. In addition, his share of unreimbursed medical expenses is 54.86%.
The court therefore modifies the existing support order of $289.00 per week by increasing it to $382.00 per week and modifies the existing unreimbursed medical to require the plaintiff to pay 54.86% of unreimbursed medical.
AXELROD, J.